IN THE CIRCUIT COURT FOR THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

CHARLES E. ROBERTS,

Plaintiff,

CASE NO.:

v.

ALLEGIANT AIR, LLC

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff submits this Complaint against the Defendant on the following allegations:

### I. INTRODUCTION

1. This is an action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (hereinafter "ADEA") and the Florida Civil Rights Act, § 760.01, Florida Statutes, et. seq. hereinafter "FCRA") The Equal Employment Opportunity Commission (hereinafter "EEOC") has issued a right to sue to Plaintiff as further described herein.

2. The Defendant persistently discriminated against the Plaintiff, who is over the age of forty (40), with regard to promotion, training, and financial and advancement opportunities within the company. Ultimately, and as a direct result of Defendant's discriminatory actions, Defendant terminated the Plaintiff's employment. Such

1

adverse employment actions targeted Plaintiff, who as an older worker is protected from such age-based job actions by the ADEA and the FCRA.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this Court based on the fact that Plaintiff was employed by Defendant in Tampa, Hillsborough County, Florida.

## III. THE PARTIES

5. The Defendant, Elegiant Air, is registered to do business in Florida and regularly conducts business within the geographical area encompassed by Hillsborough County.

6. Plaintiff is over the age of forty and was employed by the Plaintiff as a pilot from January 2007 until his termination in June 2014.

7. Throughout, his employment with the Defendant, Plaintiff has received unwarranted discipline and ridicule from management, particularly with regard to his upgrade training, which led to the denial of financial gain, denial of promotions, unsupported questioning of his professional integrity and, ultimately his termination.

8. Plaintiff timely filed a charge of discrimination with the EEOC alleging this continuing pattern of age discrimination. He received his "Notice of Suit Rights" on or about January 22, 2016.

9. During Plaintiff's training he was informed by Kym Sanchez, a training scheduler, that the Defendant was "riding him out the door" because the Defendant was "trying to

2

get rid of the old ones."

10. During the course of his upgrade training, SIM Instructor, John Morrison, and Program Manager, Michelle Bahlater, made comments about his age, including but not limited to it was necessary to "put the old guys together." In addition, Steve Ostrander, instructed the SIM trainers to fail the Plaintiff.

11. Upon information and belief, such treatment was made for the purpose of replacing pilots over forty (40) years of age or with significantly younger, less experienced pilots.

12. Although Plaintiff was informed he was doing well with the upgrade training, the Defendant's actions toward the Plaintiff were targeted to achieve his discharge.

13. These adverse employment actions occurred regardless of his past work history and performance and were merely pretext for unlawful discrimination.

IV. GENERAL ALLEGATIONS

14. Plaintiff brings this action age discrimination alleging ongoing discriminatory employment practices during the course of his employment by the Defendant.

15. Plaintiff timely filed an EEOC charge against the Defendant for age discrimination as described in detail above. The EEOC has issued a "Notice of Suit Rights" to Plaintiff as described herein.

16. Plaintiff filed this action within the time prescribed by the Notice of Suit Rights.

17. The Defendant pursued policies and practices which discriminated against employees forty (40) years of age and over including: (1) subjecting Plaintiff to negative performance reviews with regard to training and denials of advancements and financial

3

increases; (2) maintaining a policy and practice of issuing less favorable training evaluations and opportunities as a pretext for such adverse employment actions; (3) targeting the Plaintiff as a long-term employee over the age of forty (40) for such adverse employment actions; (4) replacing or attempting to replace Plaintiff with significantly younger workers; and (5) maintaining a policy and practice of unfair employment practices.

18.     Plaintiff is over the age of forty (40) years of age and was qualified to perform his job as a pilot for the Defendant.

19.     Nevertheless, Plaintiff was the victim of a discriminatory purge of older employees carried out by the Defendant.

20.     Plaintiff has been adversely affected by the willful discriminatory practices complained of herein. Specifically, Plaintiff was subjected to harassing and discriminatory training and was terminated from his employment.

21.     The Defendant continues to follow policies, practices, and procedures which discriminate on the basis of age.

22.     Plaintiff seeks, inter alia, the following legal and equitable relief for his individual claims:

   a. a declaratory judgment that the Defendant engaged in willful age
      discrimination;

   b. a permanent injunction against such continuing discrimination;

   c. back pay, front pay, and other incidental monetary rights, compensatory
      damages, and remedies necessary to make the Plaintiff whole from the
      Defendant's discrimination;

4

d. liquidated damages;

e. punitive damages;

f. costs of litigation and reasonable attorneys' fees.

## COUNT I

23. The foregoing paragraphs one (1) through twenty-two (24), and their respective subparagraphs, are incorporated by reference as though set out in full.

24. The Defendant engaged in an industry affecting commerce and has twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, the Defendant is an "employer" as that term is defined under 29 U.S.C. § 630.

25. During the Plaintiff's employment, the Defendant targeted him as an employee over the age of forty (40), in an effort to purge him from the Defendant's workforce.

26. As a result of his status as an older worker, Plaintiff was wrongfully evaluated, disciplined, and exposed to a hostile work environment because of his age.

27. Although Plaintiff was and is all well- qualified for his position as a pilot, which he has held for years, the Defendant began to take adverse employment actions against him based on pretextual reasons. Such conduct included, but was not limited to poor performance and training evaluations, unsupported discipline, discriminatory and harassing comments, and refusal to provide Plaintiff with viable opportunities for promotion or other financial advancement. These actions were taken in an attempt to purge Plaintiff, an older worker, from the Defendant's workforce.

5

28.     The Defendant's adverse employment actions taken against the Plaintiff were part and parcel of a scheme to eliminate older workers from the Defendant's workforce. The discrimination against older employees, such as Plaintiff, constitutes a pervasive and continuing pattern of discrimination in employment that existed within the Defendant's workforce, including the workforce in Hillsborough County.

29.     The described conduct of the Defendant constitutes a willful violation of the ADEA.

30.     As a direct and proximate result of the Defendant's conduct, Plaintiff was denied equal employment opportunities based upon his age.

31.     Plaintiff is entitled to his full make-whole relief, including, without limitation, back pay, front pay, prejudgment interest, promotions, enhanced benefits, and liquidated damages.

32.     Plaintiff is entitled to an award of reasonable attorneys' fees, out of pocket expenses, and costs incurred in bringing and maintaining this action.

WHEREFORE, Plaintiff prays this Honorable Court:

a. Take jurisdiction of this matter;

b. Enter a declaratory judgment that the Defendant engaged in willful age discrimination;

c. Pursuant to the authority of the ADEA permanently enjoin the Defendant, its officers, agents and representatives from future discriminatory acts relative to the Plaintiff and any similarly situated employees;

d.      Award the Plaintiff, front pay, and other incidental monetary rights, compensatory damages and remedies;

6

e. Award the Plaintiff liquidated damages against the Defendant;

f. Award the Plaintiff punitive damages against the Defendant;

g. Award pre-judgment interest on all back pay;

h. Award Plaintiff's costs and expenses in this action, including reasonable attorneys' fees as authorized by law; and

i. Award the Plaintiff such other and further relief as the court deems just and proper.

## COUNT II

33. The foregoing paragraphs one (1) through twenty-two (22), and their respective subparagraphs, are incorporated by reference as though set out in full.

34. The Defendant is an employer as that term is defined by the FCRA.

35. During the course of Plaintiff's employment, the Defendant began to target employees over the age of forty (40) who were long-term employees of the Defendant, in an effort to purge such individuals from its workforce. As a result of his status as an older worker, Plaintiff was wrongfully evaluated, disciplined, and exposed to a hostile work environment because of his age.

36. Although Plaintiff was and is all well- qualified for his position as a pilot which he held for years, the Defendant began to take adverse employment actions against him based on pretextual reasons. Such conduct included poor performance and training evaluations, unsupported discipline, and refusal to properly consider Plaintiff for promotion, pay grade increases, or other financial advancement. These actions were taken in an attempt to purge Plaintiff, an older worker, from the Defendant's workforce.

7

37.    Despite the fact that Plaintiff remained fully qualified for continued employment, and advancement opportunities within the company, Defendant terminated Plaintiff's employment in June 2014.

38.    The Defendant's adverse employment actions taken against the Plaintiff were part and parcel of a scheme to eliminate older workers from the Defendant's workforce. The discrimination against older employees, such as Plaintiff, constitutes a pervasive and continuing pattern of discrimination in employment that existed within the Defendant's workforce.

39.    The described conduct of the Defendant constitutes a willful violation of the FCRA.

40.    As a direct and proximate result of the Defendant's conduct, Plaintiff was denied equal employment opportunities based upon his age.

41.    Plaintiff is entitled to his full make-whole relief, including, without limitation, back pay, front pay, prejudgment interest, enhanced benefits, and punitive and liquidated damages.

42.    Plaintiff is entitled to an award of reasonable attorneys' fees, out of pocket expenses, and costs incurred in bringing and maintaining this action.

WHEREFORE, Plaintiff, prays this Honorable Court:

a. Take jurisdiction of this matter;

b. Enter a declaratory judgment that the Defendant engaged in willful age discrimination;

c. Pursuant to the authority of the FCRA permanently enjoin the Defendant, its officers, agents and representatives from future discriminatory acts relative to the

8

Plaintiff and any similarly situated employees;

d.     Award the Plaintiff, front pay, and other incidental monetary rights, compensatory damages and remedies;

e. Award the Plaintiff liquidated damages against the Defendant;

f. Award the Plaintiff punitive damages against the Defendant;

g. Award pre-judgment interest on all back pay;

h. Award Plaintiff's costs and expenses in this action, including reasonable attorneys' fees as authorized by law; and

i. Award Plaintiff such other and further relief as the court deems just and proper.


## JURY DEMAND

43. Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted this 18th day of April, 2016.

/s/ Jennifer K. Birmingham
Jennifer K. Birmingham, Esq.
FBN: 0526800
1353 Palmetto Avenue, Suite 200
Winter Park, FL 32789
407-628-9081 Ext. 115
jennifer.birmingham@icloud.com
birminghamlaworlando@gmail.com

9